**BEYER AVIATION, INC.; Allen Beyer; and Doris Elane Beyer, Debtors-Plaintiffs,**

v.

**The CITY OF DUBUQUE, IOWA; and Dubuque Airport Commission, Defendants.**

**Misc. No. 84–1002.**

United States District Court, N.D. Iowa, E.D.

Feb. 27, 1984.

Daniel P. Ernst, James H. Reynolds, Dubuque, Iowa, for debtors-plaintiffs.

William G. Blum, Corp. Counsel, City of Dubuque, Iowa, Barry A. Lindahl, City Sol., Dubuque, Iowa, for defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants', City of Dubuque and Dubuque Airport Commission, unresisted motion to dismiss appeal, filed February 10, 1984 in

the United States Bankruptcy Court for the Northern District of Iowa. Granted.

On February 23, 1984, the clerk of the bankruptcy court certified the instant motion and related documents to this court. *See* Bankruptcy Rule 8007(d). As appears from these documents, defendants claim that dismissal is warranted because the notice of appeal was untimely filed and otherwise fails to comply with the bankruptcy rules.

Bankruptcy Rule 8002 provides:

**Rule 8002. Time for Filing Notice of Appeal**

(a) TEN–DAY PERIOD. The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from....

Failure to comply with the above provision or other provisions of the bankruptcy rules may be grounds for dismissal of the appeal. *See* Bankruptcy Rule 8001(a).

Here, debtor-plaintiff filed a notice of appeal on January 23, 1984 from the "November 9, 1983" order of the bankruptcy court. However, as the clerk of the bankruptcy court has certified, there is no order, in any file concerning the debtor-plaintiff, dated November 9, 1983. Indeed, the court has reviewed the bankruptcy file and finds that the only orders issued in this case, prior to the filing of this motion, are dated August 24, 1983; August 31, 1983; November 8, 1983; November 29, 1983; and January 9, 1984. Hence, it makes no difference which motion debtor-plaintiff is intending to appeal, the notice of appeal was not timely filed.

Further, the notice of appeal does not contain the information required by the bankruptcy rules; debtor-plaintiff has failed to designate the record or file a statement of the issues on appeal as required by the rules; nor has debtor-plaintiff requested an extension of time to correct the defects or an exemption from the rules. *See* Bankruptcy Rules 8001(a), 8006, 8019, 9006.

It is therefore

ORDERED

Appeal dismissed.